IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JIMMY LEE BINION, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-61-CAR-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

_____

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ erred in evaluating the effects of Claimant's alcohol abuse.**

II. **Whether the ALJ erred in discounting the opinion of one of Claimant's treating physicians?**

III. **Whether the ALJ erred in evaluating provided opinion evidence.**

## Administrative Proceedings

Claimant applied for disability benefits on June 7, 2006, alleging disability as of March 4, 2004, due to respiratory disorders, cardiac related illnesses and high blood pressure. (Tr. 132; ECF No. 8.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a video hearing on March 23, 2009, and following the hearing, the ALJ issued an unfavorable decision on June 19, 2009. (Tr. 8-19.) The Appeals Council ultimately denied Claimant's Request for Review on August 27, 2010. (Tr. 1-4.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since April 25, 2006. (Tr. 10.) The ALJ then found that Claimant had hypertension, diabetes mellitus, history of nicotine and alcohol abuse, and episodes of pancreatitis with pseudocyst, by history, which he determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a range of light work. (Tr. 12.) The ALJ determined that Claimant could not perform his past relevant work, but that there were

jobs that existed in significant numbers in the national economy that he could perform. (Tr. 16.)  Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.    Whether the ALJ erred in evaluating the effects of Claimant's alcohol abuse.**

Claimant first argues that the ALJ improperly evaluated evidence of Claimant's alcohol abuse and failed to determine what limitations arose from that impairment.  (Cl.'s Br. 8, ECF No. 8.)  Specifically, Claimant argues that after finding that his history of alcohol abuse was severe and setting forth that history in his findings, the ALJ failed to make a determination as to the nature and extent of the limiting effects of his pancreatitis on whether his "alcohol abuse was a material and contributing factor to these limitations such that they could not be considered evidence of disability."  (*Id.*)

The Social Security Act precludes the award of benefits to an individual "if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. § 416.935; *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001).  Drugs and alcohol are not a contributing factor material to the determination of a disability if there are other grounds for finding that the claimant is disabled.  20 C.F.R. § 404.1535(b)(2)(ii).  However, it is not simply the quality of being addicted that precludes the receipt of benefits.  The test for benefits is whether a claimant would still be disabled even if he ceased drug or alcohol abuse.  The regulations further explain that a person who suffers from disabling impairments unrelated to alcoholism or

drug addiction is not prevented from receiving benefits.  *See* 20 C.F.R.§404.1535(b), 416.935(b).

As the Commissioner noted, the test for determining whether the alcohol abuse is a "contributing material factor" is only necessary when the ALJ finds that his impairments otherwise render him disabled. (Comm'r's Br. 10); s*ee* 20 C.F.R. § 404.1535(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.")  Here, at step two of the sequential analysis, the ALJ found Claimant's alcohol abuse and pancreatitis, among other impairments, to be severe.  (Tr. 10.)  At step three, the ALJ found that those impairments, either singly or in combination with his other impairments, did not meet or medically equal a listing.  In so finding, the ALJ was not required to determine whether Claimant's alcohol abuse was a contributing material factor because he had already determined that the severe impairments did not meet a listing for disability.  It was not until step four, in assessing Claimant's credibility, that the ALJ addressed Claimant's noncompliance with his medications and his alcohol abuse.  Thus, no error is found.

## II. Whether the ALJ erred in discounting the opinion of one of Claimant's treating physicians?

Claimant next argues that the ALJ erred in discounting the opinion of his treating primary care physician, Dr. Miguel Cossio. (Cl.'s Br. 9.)   Specifically, Claimant argues that the ALJ failed to give Dr. Cossio's opinions appropriate weight, "where the evidence documents the impairments indicated in the opinion and no substantial evidence

contradicts the opinion." (*Id.*)

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. Even if a medical opinion is not entitled to controlling weight, however, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam). The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion,

the consistency of the opinion with the record as a whole, and the specialty of the medical source.  20 C.F.R. § 416.927(d).

After review of the record, it is found that the ALJ articulated his reasons for giving less weight to the opinions of Claimant's treating physician, Dr. Cossio, and that his reasons constitute good cause.  The ALJ based the decision on the evidence of record, including early treatment notes of Dr. Cossio which he found "fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and Dr. Cossio did not specifically address this weakness [in the Ability To Do Work-Related Activities (Physical) form that he completed]. (Tr. 15-16.)  The ALJ's decision is further based on his finding that the symptoms and limitations as subjectively alleged by the Claimant were credible only to the extent that Claimant could perform work as prescribed by the RFC finding.  (*Id.* at 14.)

Claimant is correct in that the ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  In this case, the ALJ's findings establish that he discounted the medical opinion of Dr. Cossio and provided an analysis of that determination.  Upon review of the entire record, the ALJ appears to have committed no error in weighing or discounting the opinion of Claimant's treating physician, nor any error in evaluating the medical evidence, and substantial evidence supports his decision.

### III. Whether the ALJ erred in evaluating provided opinion evidence.

Claimant last argues that the ALJ erred in rejecting the opinions of the state

agency and consultative examiner's opinions as to his depression, as well as the testimony of Claimant and his wife. (Cl.'s Br. 14.) Claimant further argues that the ALJ erroneously gave considerable weight to the evidence of alcohol abuse without clearly assigning weight and gave weight to the Medical Expert's opinion regarding a possible mental impairment only to the extent that a listing had not been met. (*Id.*)

The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. 404.1527(a); *see also* SSR 96-5p. The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §§ 416.927(d); 404.1527(d). In making his findings, "the ALJ [is] required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ is not required accept the medical opinions of a physician if he finds that the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

9

An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing.  20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p.  Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability."  20 C.F.R. § 404.1527(e); *see also* SSR 96-5p.

Here, in making his findings regarding Claimant's depression, the ALJ discussed the state agency and consultative medical examiner's opinions as well as the testimony of the medical expert, and the Claimant and his wife. (Tr. 13-14).  In his discussion of the opinions, the ALJ noted that Claimant's records indicated a lack of complaints regarding depression and no history of treatment for mental issues.  (Tr. 13.)  Following a discussion of the record and testimony, the ALJ set forth an RFC of work at the light exertional level with the following functional limitations: the ability to change positions between sitting, standing and walking; no exposure to unsafe environments such as unprotected heights or moving machinery.  (Tr. 14.)

The ALJ's statements regarding the opinions of the medical providers and testimony combined with the RFC show that the ALJ properly applied the evidentiary standards prescribed by the regulations.  The ALJ then properly included the limitations

he found to be consistent with the record in his findings. No error is found as to this claim.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 8th day of February, 2012.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE